IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE

| | |
|---|---|
| HELEN THOMAS-FISH, <br><br> Plaintiff, <br><br> v. <br><br> AETNA STEEL PRODUCTS CORP., et al., <br><br> Defendants. | Civil No. 17-10648 (RMB/KMW) <br><br> **MEMORANDUM OPINION AND ORDER SEVERING THE CLAIMS AGAINST THE DELAWARE DEFENDANTS AND TRANSFERRING THOSE CLAIMS TO THE DISTRICT OF DELAWARE** |

This matter comes before the Court upon the Court's Order to Show Cause why this case should not be transferred to the District of Delaware or another more convenient District [Docket # 21], and Defendants' Motion to Transfer this case to the District of Delaware [Docket # 24], filed in response to the Court's Order to Show Cause.

The Court has carefully considered the issues raised in the parties' submissions at Docket Entries 24, 25, 27 and 28 and concludes the following. First, Plaintiff opposes transfer primarily arguing that transfer is "not possible" because two of the ten Defendants to this suit (excluding the "John Doe" Defendants)-- Sonic Industries, Inc. / RBC Sonic ("Sonic") and Aetna Steel Products Corporation ("Aetna Steel")-- might not be

1

subject to personal jurisdiction in Delaware.[1]  However, Defendants respond, and the Court agrees, that severing Sonic and Aetna Steel is a viable option, thereby allowing the transfer of the claims against the other eight Defendants to the District of Delaware.  See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 110 (3d Cir. 2009)("in applying 28 U.S.C. § 1404(a) . . . we have held that where a case could have been brought against some defendants in the transferee district, the claims against those defendants may be severed [pursuant to Fed. R. Civ. P. 21] and transferred while the claims against the remaining defendants, for whom transfer would not be proper, are retained.")(citing White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3d Cir. 1999)).

Moreover, severing and transferring the claims against the eight Delaware Defendants furthers interests of judicial economy because transfer will moot those Defendants' argument that the District of New Jersey lacks personal jurisdiction over them. [See Dkt # 15, 28]  This outcome undermines Plaintiff's assertion that severance will be "inefficient." [Dkt # 27, p. 2 n. 3]

---

[1] At this time, the Court makes no holding concerning any court's personal jurisdiction over Sonic and Aetna Steel.  The parties agree that the eight Defendants which are incorporated in Delaware and/or maintain their principal place of business in Delaware are subject to general jurisdiction in Delaware.

Second, the Court's balancing of the Jumara factors (set forth in the Order to Show Cause) supports transfer of the claims against the Delaware Defendants to the District of Delaware.  As the Court observed previously, venue in this District is based upon the tenuous connection that "the alleged asbestos exposure allegedly occurred on a U.S. government-owned ship docked in Camden, New Jersey during 1960," almost 60 years ago.  [Dkt. #21, p. 3]  On the other hand, the connection to Delaware is much clearer.  Plaintiff does not dispute Defendants' assertion that seven of the nine physicians who treated the decedent have Delaware addresses, whereas none have New Jersey addresses.  [Dkt. # 24, p. 6]

The remaining factors do not alter the Court's conclusion as they are neutral.  For example, the parties dispute whether New Jersey law or maritime law will apply to Plaintiff's claims, thereby precluding any conclusion at this time as to which District-- New Jersey or Delaware-- would be more familiar with the applicable law.  Similarly, the enforceability of any potential judgment and the public policies of the fora do not appear at this time to be significant considerations in this case.

Lastly, Plaintiff emphasizes that the decedent lived and worked in New Jersey in 1960-- almost 60 years ago-- when the alleged exposure occurred over the course of a single year.

However, in the Court's view, the more pertinent inquiry is Plaintiff's location when this suit was filed.  Plaintiff's residence, not decedent's residence when his claim allegedly arose so long ago, is more pertinent to each forum's interests in adjudicating controversies local to it.  That is, Plaintiff's status as a Delaware resident who is bringing suit against Delaware Defendants renders this case of most concern to Delaware, and therefore outweighs Plaintiff's forum choice of New Jersey.

**THEREFORE, IT IS** on this **7th** day of **August 2018**, hereby:

**ORDERED** that:

(1) The claims against Defendants Avborne Accessory Group, Inc.; Dover Corporation; Dover Engineered Systems, Inc.; RBC Bearings, Incorporated; Sargent Aerospace & Defense, LLC; Sargent Industries, Inc.; RBC Sargent Airtomic; and Roller Bearing Company Of America, Inc. are **SEVERED** pursuant to Fed. R. Civ. P. 21 and **TRANSFERRED** to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a); and

(2) As to the remaining claims against RBC Sonic / Sonic Industries, Inc., and Aetna Steel Products Corporation, the Court will hold a telephonic pre-motion conference concerning RBC Sonic / Sonic Industries, Inc.'s proposed

motion to dismiss for lack of personal jurisdiction [see Dkt No. 15] on September 7, 2018 at 9:30 a.m.  Counsel for Sonic shall kindly initiate the call.


                    s/ Renée Marie Bumb
                    _____
                    RENÉE MARIE BUMB
                    UNITED STATES DISTRICT JUDGE