IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELEN THOMAS-FISH, Individually and as Executrix of the Estate of Robert C. Fish ) ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| AVBORNE ACCESSORY GROUP, INC.; ) DOVER CORPORATION; DOVER ) ENGINEERED SYSTEMS, INC., f/k/a ) Dover Diversified, Inc.; RBC BEARINGS ) INCORPORATED, f/k/a Roller Bearing ) Holding Company, Inc.; RBC SARGENT ) AIRTOMIC; ROLLER BEARING ) COMPANY OF AMERICA, INC., f/k/a ) RBC Holdings Corp.; SARGENT ) AEROSPACE & DEFENSE, LLC, f/k/a ) Dover Sargent Aerospace & Defense, LLC; ) SARGENT INDUSTRIES, INC. ) ) | Civil Action No. 18-1195-MN-SRF |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Presently pending before the court in this asbestos-related personal injury action is a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by six existing or dissolved Delaware entities. The moving defendants are as follows: Avborne Accessory Group, Inc. ("Avborne"), Dover Corporation, Dover Engineered Systems, Inc. ("Dover Engineered"), Roller Bearing Company of America, Inc. ("Roller Bearing"), Sargent Aerospace and Defense, LLC ("Sargent Aerospace"), and Sargent Industries, Inc.[1] ("Sargent Industries") (collectively, "defendants"). (D.I. 72) For

---

[1] Sargent Industries, Inc. dissolved in 1993 and has no parent corporation. (D.I. 4)

the following reasons, I recommend GRANTING defendants' motion to dismiss with prejudice and without leave to amend.[2]

## II. BACKGROUND

### a. Procedural History

On September 22, 2017, plaintiff Helen Thomas-Fish ("Mrs. Thomas-Fish" or "plaintiff") originally filed this personal injury action individually and as executrix of the Estate of Robert C. Fish against ten defendants in the Superior Court of New Jersey, asserting claims arising from the Robert C. Fish's ("Mr. Fish" or "decedent") alleged harmful exposure to asbestos in 1960.[3] (D.I. 1, Ex. A) On November 1, 2017, the case was removed to the U.S. District Court for the District of New Jersey by defendants Avborne, Dover Corporation, Dover Engineered, Sonic Industries, Inc.,[4] Roller Bearing, Sargent Aerospace, and Sargent Industries pursuant to 28 U.S.C. §§ 1331, 1442(a)(1), the federal officer removal statute,[5] and 1446. (D.I. 1) On December 12, 2017, the New Jersey District Court issued an Order to Show Cause as to why venue should not be transferred to this court. (D.I. 21) During the pendency of the Order to Show Cause, plaintiff filed a motion for remand, which was denied on July 31, 2018. (D.I. 35;

---

[2] The briefing for the motion is as follows: defendants' opening brief in support of their motion to dismiss (D.I. 73), plaintiff's answering brief (D.I. 74), and defendants' reply brief (D.I. 76).
[3] Prior to filing this case, plaintiff commenced a separate action in Maryland state and federal courts, alleging Mr. Fish's exposure to asbestos-containing products. (D.I. 1, Ex. D) The District Court for the District of Maryland dismissed the case without prejudice on March 2, 2017. (D.I. 28, Ex. A)
[4] Sonic Industries, Inc. is owned by Roller Bearing Company of America, Inc., a subsidiary of RBC Bearings, Inc. (D.I. 3)
[5] The federal officer removal statute permits removal of a state court action to federal court when, *inter alia*, such action is brought against "[t]he United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

2

D.I. 41; D.I. 42) On August 7, 2018, the New Jersey District Court ordered that plaintiff's claims be severed and transferred to this court pursuant to 28 U.S.C. § 1404(a).[6] (D.I. 45)

On August 21, 2018, defendants filed a motion to dismiss, alleging deficiencies in pleading each of the five counts of the complaint. (D.I. 50) On February 1, 2019, in a Report and Recommendation, the court dismissed the count of the complaint alleging marketing of an ultra-hazardous product with prejudice and the remaining counts without prejudice. (D.I. 66) Plaintiff was permitted leave to amend the complaint. (*Id.*) No objections to the Report and Recommendation were filed and the Report and Recommendation was adopted by District Judge Noreika on February 19, 2019. (D.I. 67) On March 6, 2019, plaintiff filed her amended complaint (the "First Amended Complaint"). (D.I. 68) On March 27, 2019, defendants filed the present motion to dismiss the First Amended Complaint for failure to state a claim. (D.I. 72)

**b. Facts**

Plaintiff alleges that Mr. Fish developed mesothelioma as a result of exposure to asbestos-containing products that defendants manufactured, supplied, distributed, or installed during his service as a civilian at New York Shipbuilding and Drydock ("NY Ship") in Camden, New Jersey. (D.I. 68 at ¶¶ 4-5) Plaintiff asserts claims for negligence (Count I), strict liability (Count II), punitive damages (Count III), and loss of consortium (Count IV). (*Id.* at ¶¶ 40-83)

Plaintiff alleges that in 1960, Mr. Fish's work placed him in close proximity on a frequent basis to a "contractor known by the name Arnot," which sold, supplied, and installed asbestos-containing panels on the N.S. Savannah, which was under construction. (*Id.* at ¶ 5)

---

[6] The District Court for the District of New Jersey ordered that plaintiff's claims against defendants be severed and transferred to this District because it was proper in light of defendants' challenge to personal jurisdiction in New Jersey. (D.I. 45) Plaintiff's claims against two non-Delaware entities, RBC Sonic/Sonic Industries, Inc. and Aetna Steel Products Corporation, are still pending in the District Court for the District of New Jersey. (*Id.* at 4-5)

3

The joiner contractor's work involved cutting panels to fit around fixtures for installation, "which generated respirable dust in Plaintiff's Decedent's presence." (*Id.*) Plaintiff alleges that Mr. Fish was exposed to and inhaled asbestos dust as a result of the joiner contractor's work during the installation of paneling on the N.S. Savannah. (*Id.* at ¶ 6)

Plaintiff alleges that Kahr Bearing Corporation ("Kahr Bearing")[7] "purchased the Arnot Jamestown (Marine) Division of the Aetna Steel Products Corporation and the Arnot Marine Corporation and continued operations," thereby becoming the legal successor to the joiner contractor's rights, obligations, and liabilities. (*Id.* at ¶ 7) Plaintiff alleges that Kahr Bearing merged into Sargent Industries, Inc., which was in turn acquired by Dover Corporation, now known as Dover Engineered. (*Id.* at ¶ 8)

Mr. Fish was diagnosed with mesothelioma on September 23, 2015 and passed away on September 24, 2016. (D.I. 1, Ex. A)

### III.  LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Umland v. PLANCO Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that

---

[7] Kahr Bearing is not a party to this action.

4

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

When determining whether dismissal is appropriate, the court must take three steps.[8] *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must identify the elements of the claim. *See Iqbal*, 556 U.S. at 675. Second, the court must identify and reject conclusory allegations. *See id.* at 678. Third, the court should assume the veracity of the well-pleaded factual allegations identified under the first prong of the analysis, and determine whether they are sufficiently alleged to state a claim for relief. *See id.*; *see also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The third prong presents a context-specific inquiry that "draw[s] on [the court's] experience and common sense." *Iqbal*, 556 U.S. at 663-64; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[8] Although *Iqbal* describes the analysis as a "two-pronged approach," the Supreme Court observed that it is often necessary to "begin by taking note of the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 679. For this reason, the Third Circuit has adopted a three-pronged approach. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

### a. Successor Liability

Defendants move to dismiss all four counts of the complaint and argue that plaintiff has failed to adequately plead claims for successor liability.[9] (D.I. 73 at 9-16) "[A] plaintiff's claim of successorship liability is satisfied by general allegations of successorship" and are subject to Rule 8(a). *Premier Pork L.L.C. v. Westin, Inc.*, 2008 WL 724352, at *4 (D.N.J. Mar. 17, 2008); *see also Old Republic Ins. Co. v. Hansa World Cargo Service, Inc.*, 170 F.R.D. 361, 376 (S.D.N.Y. 1997). "The general rule of successorship liability is really one of nonliability . . . . [A] company which purchases the assets of another company will not ordinarily be held liable for the debts of the seller." *Premier Pork L.L.C.*, 2008 WL 724352, at *4. There are four exceptions to the general rule of nonliability: "(1) where there is an express or implied agreement that the buyer will assume the liabilities of the seller; (2) where the transaction amounts to a consolidation or merger of the buyer and seller; (3) where the buyer is merely a continuation of the seller; or (4) where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations." *Id.*

Here, the First Amended Complaint states:

Through a series of acquisitions, mergers, dissolutions, sales, spin-offs, name changes and/or corporate restructurings the Defendants named in this Complaint, Avborne Accessory Group, Inc., Dover Corporation, Dover Engineered Systems, Inc., Roller Bearing Company of America, Inc., RBC Bearings Incorporated (which, upon information and belief purchased, Sargent Aerospace & Defense, LLC from Dover Corporation), RBC Sargent Airtomic, Sargent Aerospace and Defense, LLC, and Sargent Industries, Inc., are all, upon information and belief, related in the corporate line of succession to the entity that performed the joiner

---

[9] The parties dispute what substantive law governs plaintiff's successor liability claims. Defendants argue that Delaware law governs the successor liability claims. (D.I. 73 at 11-12 & n.5) The governing substantive law is not outcome determinative in this Rule 12(b)(6) analysis, which tests only the sufficiency of the complaint and not the merits of claims or factual disputes. Therefore, the court makes no recommendation as to choice of law at this time.

work on the N.S. Savannah and each of the Defendants are sued as the successors-in-interest to said contractor, whose products and work caused [Mr. Fish] to be exposed to asbestos.

(D.I. 68 at ¶ 9) Furthermore, the First Amended Complaint states:

To the extent any of these Defendants deny that they are the successors to the joiner contractor that performed the joiner work on the N.S. Savannah, each and every one of the Defendants knows which entity or entities among them is or are the successor(s).

Each of these Defendants has hidden behind legal formalities in order to refuse to identify and/or to deny the identity of the entity or entities that is or are the successor(s) to the joiner contractor that exposed Plaintiff's Decedent to asbestos.

(*Id.* at ¶¶ 20-21)

Plaintiff does not include any factual allegations which plausibly fall under any of the exceptions to the general rule of nonliability for successors. While plaintiff describes how Kahr Bearing "purchased the Arnot Jamestown (Marine) Division of the Aetna Steel Products Corporation and the Arnot Marine Corporation and continued operations," Kahr Bearing is not a party to this action. (*Id.* at ¶ 7) Plaintiff's collective and indistinguishable averments of defendants' status in the corporate line of succession through "acquisitions, mergers, dissolutions, sales, spin-offs, name changes, and/or corporate restructurings" do not address any of the exceptions to the general rule of nonliability. (D.I. 1 at ¶ 9) Plaintiff has pleaded only threadbare conclusions, as the complaint does not address how all defendants are collectively successors to the alleged liability of the unidentified "Arnot" joiner contractor entity.[10] Plaintiff

---

[10] Defendants note that plaintiff describes four different Arnot entities in the complaint: (1) "the contractor known by the name Arnot," (2) "Arnot Jamestown (Marine) Division of the Aetna Steel Products Corporation," (3) the "Arnot Marine Corporation," and (4) "Kahr Bearing Corporation's Arnot Marine Division." (D.I. 76 at 3; D.I. 68 at ¶¶ 5, 7) At oral argument, defendants cited *Rome v. Asbestos Defendants*, 70 So.3d 121 (4th Cir. 2011) in noting that more than one Arnot entity exists. *See Rome v. Asbestos Defendants*, 70 So.3d 121, 125 (4th Cir. 2011) ("Arnot Marine Corporation and the Arnot Marine Division of Kahr Bearing have confusingly similar names . . . . This confusion is compounded by the fact that the plaintiffs in

7

proffers no legal authority for her position that the court must infer successor liability based upon alleged name changes of corporate entities. (D.I. 74) Moreover, even viewing the First Amended Complaint in the light most favorable to the plaintiff, plaintiff's allegations that defendants know which entity among them is the successor to the joiner contractor would require the court to ignore the pleading deficiency and impermissibly shift the burden to the defendants to demonstrate which, if any of them, is a successor to the joiner contractor. (*See* D.I. 1 at ¶¶ 20-21) Furthermore, the District Court for the District of Maryland dismissed the moving defendant, Sargent Inc., pursuant to Rule 12(c) based upon a public record of the certificate of merger in which Sargent Inc. ceased to exist as a corporate entity when it merged into Avborne Accessory Group, Inc. The court stated it was "certain that [Fish] cannot prove any set of facts in support of his claim entitling him to relief" against Sargent Inc."[11] (D.I. 28, Ex. A) (quoting *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014)).

Plaintiff contends that the actions of a predecessor are necessarily imputed to the successor. (D.I. 74 at 9) To support this argument, plaintiff cites *Simmers v. American*

---

their original petition refer simply to 'Arnot Marine' and make no reference to either 'Arnot Marine Corporation' or to the 'Arnot Marine Division of Kahr Bearing.'").

[11] The District Court for the District of Maryland granted leave to amend the complaint. However, the court declines to recommend leave to amend for the second time as plaintiff was on notice of the pleading deficiency concerning insufficient allegations of successor liability based on the earlier Report and Recommendation.

> Plaintiff speculates that all of the defendants are related to the joiner contractor "(or its putative successor(s))" because they "appear to be related through a string of complex corporate transactions and maneurvering, the details of which cannot be fully ascertained based upon publicly available information." (D.I. 63 at 3) . . . Plaintiff has not pleaded the elements for successor liability, nor sufficient factual matter to suggest any one of the defendants is a successor-in-interest to an entity allegedly responsible for plaintiff's asbestos exposure.

(D.I. 66 at 9)

*Cyanamid Corp.*, 576 A.2d 376 (Pa. Super. Ct. 1990), *Nehemiah v. Athletics Congress of U.S.A.*, 765 F.2d 42 (3d Cir. 1985), and *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357 (3d Cir. 1983).[12] (*Id.*) However, these cases are inapposite. The court in *Simmers* addressed the issue of whether the actions of a predecessor may be attributed to its successor for the purposes of establishing *in personam* jurisdiction. *See Simmers*, 576 A.2d at 379, 381-82. In fact, the court stated, "[g]enerally, when a company sells or transfers all of its assets to a successor, the successor does *not* acquire the liabilities of the transferor merely because of its succession to the transferor's assets [unless one of the exceptions is shown]." *Id.* at 386 (emphasis in original). *Nehemiah* and *Compagnie* similarly dealt with personal jurisdictional issues under Rule 12(b)(2), but neither mentioned successor liability. *See Nehemiah*, 765 F.2d at 44; *Compagnie*, 723 F.2d at 360-64.

In failing to include any factual allegations supporting a claim for successor liability, plaintiff has failed to adequately plead claims for successor liability. *See Cavi v. Evolving Systems, Inc.*, C.A. No. 15-1211-RGA-MPT, 2017 WL 658470, at *4-5 (D. Del. Feb. 17, 2017) (granting-in-part motion to dismiss for failing to allege facts supporting an exception to the general rule of successor nonliability); *see also Magnolia's at Bethany, LLC v. Artesian Consulting Engineers, Inc.*, 2011 WL 4826106, at *2-4 (Del. Super. Ct. Sept. 19, 2011) (granting motion to dismiss for failing to plead facts supporting any exception to the general rule of successor nonliability). *See, e.g., Sealy Connecticut, Inc. v. Litton Indus., Inc.*, 989 F. Supp. 120, 122-23 (D. Conn. 1997) (providing a minority-view holding that "sparse" and bare allegations that companies are successors-in-interest are sufficient under Rule 8). Although plaintiff argues

---

[12] Plaintiff submitted a letter clarifying that her answering brief made inadvertent reference to *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357 (3d Cir. 1983). (D.I. 75)

9

that she has pleaded that each of the defendants are successors-in-interest in the alternative, these claims still fail to meet federal pleading standards.[13] (D.I. 74 at 8-9) *See* Fed. R. Civ. P. 8(d)(2); *Kovach v. Turner Dairy Farms, Inc.*, 929 F. Supp. 2d 477, 500 (W.D. Pa. 2013) (citing *Iqbal*, 556 U.S. at 663); *Synesiou v. DesignToMarket, Inc.*, 2002 WL 501494, at *4 (E.D. Pa. Apr. 3, 2002). Therefore, the court recommends granting defendants' motion to dismiss.

### b. Count III – Punitive Damages

Plaintiff claims that defendants acted willfully, wantonly, and intentionally, and demands punitive damages. (D.I. 68 at ¶¶ 75-80) Plaintiff has not pleaded any facts that suggest actual malice or willful or wanton conduct against any defendant individually. Moreover, plaintiff's allegations, collectively against all defendants, are conclusions rather than factual averments descriptive of conduct that rises to a higher level of willful or wanton actions. *See Baldonado v. Avrinmeritor, Inc.*, C.A. No. 13-833-SLR-CJB, 2014 WL 2116112, at *6 (D. Del. May 20, 2014). Without any factual allegations, plaintiff "(1) cannot plausibly suggest that *Plaintiff*[ ] [is] entitled to punitive damages *as a result of* the alleged misconduct at issue, and (2) do[es] not plausibly establish that *these particular Defendants* have engaged in that misconduct." *Id.* (emphasis in original). Therefore, the court recommends granting defendants' motion to dismiss plaintiff's claim for punitive damages.

### c. Amending the Complaint

Plaintiff argues that in the event that the court grants defendants' motion to dismiss, the court must afford her the opportunity to amend the complaint and conduct discovery. (D.I. 74 at 11) Plaintiff argues that the information necessary to adequately plead successor liability is

---

[13] In her answering brief, plaintiff characterizes her claims against defendants as the successors-in-interest as pleading in the alternative, but nothing in the First Amended Complaint indicates that these claims are pleaded in the alternative. (D.I. 74 at 8-9)

within the sole possession of the defendants, and giving leave to amend without permitting discovery would leave her in a Catch-22 scenario of again being unable to sufficiently plead successor liability. (*Id.*) Conversely, defendants contend that in permitting discovery, the court would effectively shift the burden to each defendant to prove a negative, i.e., that each defendant is not a successor to an entity that has not yet been clearly identified. (D.I. 76 at 5)

"Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Plaintiff cites *Menard v. CSX Transp., Inc.*, 698 F.3d 40 (1st Cir. 2012) and *Malibu Media, LLC v. Doe*, 2014 WL 7188822 (D. Md. Dec. 16, 2014) to argue that "modest discovery may provide the missing link." *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 45 (1st Cir. 2012). However, these cases are distinguishable. *Menard* concerned a tort action wherein the plaintiff had no first-hand knowledge or observations to provide factual allegations in the complaint necessary to support an exception to the rule that no duty of care is owed to a trespasser. *Menard*, 698 F.3d at 43-45. The complaint contained factual allegations of how the accident occurred sufficient for the court to permit some "modest discovery" from the properly identified defendant as to what its employees observed. *Id.* Similarly, *Malibu Media* is distinguishable, as the plaintiff in that copyright infringement case pleaded more than threadbare conclusory allegations of downloading copyrighted films.

The court noted:

> [R]ead in context, it is apparent that Malibu is not alleging, on information and belief, that Defendant was the infringer, but rather that the act of infringement . . . can be inferred from the fact that Malibu's investigator was able to download portions of the Films from Defendant's IP address, even though it lacks firsthand knowledge that anybody at that IP address actually downloaded the films.

*Malibu Media*, 2014 WL 7188822, at *3. Here, plaintiff has alleged only conclusions and no facts at all from which the court could infer that any of the named defendants assumed the liabilities of the original joiner contractor. There are no facts alleged to show any connection between any of the defendants and the joiner contractor, through public records, plaintiff's own investigation, or otherwise.

Leave to amend was previously granted. The First Amended Complaint retains the deficiencies previously identified by the court, so further leave to amend would be futile. *See Curran v. Mark Zinnamosca & Associates*, 2014 WL 7506887, at *7 (M.D. Pa. Nov. 18, 2014) (denying leave to amend when leave to amend was previously granted); *Handy v. Palmiero*, 2018 WL 4680265, at *3 (E.D. Pa. Sept. 28, 2018) (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)) (denying leave to amend for a second time). Therefore, I recommend denying plaintiff's request for leave to amend.

## V. CONCLUSION

For the foregoing reasons, the court recommends granting defendants' motion to dismiss for failure to state a claim with prejudice and without leave to amend. (C.A. No. 18-1195, D.I. 72)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.

Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 19, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE